UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ROSEMARY A. LIGOTTI,

                         Plaintiff,

      v.

PROVIDENT LIFE AND CASUALTY
  INSURANCE COMPANY, and
THE UNUM GROUP,

                   Defendants.

_____

| | |
|---|---|
| | **REPORT**<br>**and**<br>**RECOMMENDATION**<br>------------------------------<br>**DECISION**<br>**and**<br>**ORDER**<br><br>**10-CV-00564A(F)** |

APPEARANCES:        STAMM LAW FIRM
                                Attorneys for Plaintiff
                                GREGORY STAMM, of Counsel
                                1127 Wehrle Drive
                                Suite 100
                                Williamsville, New York 14221

                                PHILLIPS LYTLE LLP
                                Attorneys for Defendants
                                PAUL K. STECKER, of Counsel
                                3400 HSBC Center
                                Buffalo, New York 14203

## JURISDICTION

      This case was referred to the undersigned by Honorable Richard J. Arcara on

July 29, 2010, for all pretrial matters.  The action is presently before the court on

Defendants' motions for partial judgment on the pleadings (Doc. No. 16), filed March

14, 2011, and to compel Plaintiff to undergo a physical examination (Doc. No. 44), filed

August 29, 2011, and on Plaintiff's motion for leave to file an amended complaint (Doc.

No. 43), filed August 1, 2011.

## BACKGROUND and FACTS[1]

Since January 1985, Plaintiff Rosemary A. Ligotti ("Plaintiff" or "Ligotti"), has maintained a disability income insurance policy ("the insurance policy") issued by Defendant Provident Life and Casualty Insurance Company ("Provident"), a wholly-owned subsidiary of The Unum Group ("Unum") (together, "Defendants").  As relevant to this action, the insurance policy provides for payment of benefits to Plaintiff upon suffering an injury rendering Plaintiff totally disabled, a determination requiring Plaintiff be "unable to perform the substantial and material duties of [her] occupation," and "under the care and attendance of a Physician."  (Doc. No. 1-2 at 15).  Furthermore, "presumptive total disability" will be considered if Plaintiff suffers "the entire and irrevocable loss of sight of both eyes. . . . "  *Id*.

On July 26, 2007, Plaintiff, who has long suffered from a chronic dry eye syndrome, was injured when some debris entered her eyes, exacerbating her dry eye condition, and causing marked swelling, redness, pain and blurriness, for which Plaintiff sought medical treatment, including, *inter alia*, undergoing two surgical procedures, over the course of almost two years.  On June 3, 2009, however, Plaintiff was advised by her attending physicians, that the trauma to her eyes was permanent and could be neither alleviated nor lessened by further treatment.  Plaintiff was also advised to avoid using her eyes for more than 20 minutes at a time, and to rest her eyes for two hours between use, rendering it impracticable that Plaintiff would be able to continue to perform the necessary functions of her profession as a financial consultant.

---

[1] The Facts are taken from the pleadings and motion papers filed in this action.

On August 20, 2009, Plaintiff submitted a claim seeking to receive disability benefits pursuant to the insurance policy issued by Provident.  The claim was initially denied on January 11, 2010 on the basis that Plaintiff's eye impairment did not restrict or limit Plaintiff so as to prevent Plaintiff from performing the duties of her occupation. Plaintiff appealed the claim denial and, on May 26, 2010, the denial was upheld by Defendant.

On June 18, 2010, Plaintiff commenced this action in New York Supreme Court, Erie County, alleging Defendants have wrongly denied Plaintiff's claim for payment of disability benefits in accordance with the insurance policy.  Plaintiff asserts four grounds for relief on which she seeks to recover against both Defendants including claims for (1) declaratory relief ("First Claim"); (2) breach of contract ("Second Claim"); (3) bad faith and attorney's fees ("Third Claim"); and (4) attorney's fees on the breach of contract claim ("Fourth Claim").  On July 7, 2010, Defendants removed the action asserting diversity of citizenship as the basis for jurisdiction in this court.  Defendants filed an answer on July 27, 2010 (Doc.  No.  6).

On March 14, 2011, Defendants filed a motion for judgment on the pleadings (Doc. No. 16) ("Motion for Judgment"), the Memorandum in Support of Defendants' Motion for Judgment on the Pleadings (Doc. No. 17) ("Defendants' Memorandum - Judgment").  On May 17, 2011, Plaintiff filed Plaintiff's Memorandum of Law in Opposition to Defendants' Motion for Judgment on the Pleadings (Doc. No. 27) ("Plaintiff's Response - Judgment"), with attached exhibits A through F ("Plaintiff's First Exh(s). __").  On June 3, 2011, Defendants' filed the Reply Memorandum in Further Support of Defendants' Motion for Judgment on the Pleadings (Doc. No. 31)

3

("Defendants' Reply - Judgment").

On August 1, 2011, Plaintiff filed a motion seeking leave to amend the Complaint (Doc. No. 43) ("Plaintiff's Motion"),  supported by the attached Memorandum in Support of Plaintiff's Motion to Amend Her Complaint (Doc. No.  43-1) ("Plaintiff's Memorandum").

On August 29, 2011, Defendants filed a motion to compel Plaintiff to submit to a physical examination (Doc. No. 44) ("Motion to Compel"), the Declaration of Paul K. Stecker, Esq.  (Doc. No. 45) ("Stecker Declaration"), with attached exhibits A through I ("Defendants' Exh(s). __"), and the Memorandum of Law in Support of Defendants' Motion for an Order Directing Plaintiff to Submit to a Physical Examination and Extending Defendants' Time to Provide the Report of Expert Witness James F. Twist, M.D. (Doc. No. 46) ("Defendants' Memorandum - Compel").

On September 6, 2011, Defendants filed the Memorandum in Opposition to Plaintiff's Motion to Amend Complaint to Add Claims Under Massachusetts Unfair Practices Statutes (Doc. No. 48) ("Defendants' Response").  On September 20, 2011, Plaintiff filed the Supplemental Affidavit of Gregory Stamm, Esq., Regarding Plaintiff's Motion to Amend Complaint (Doc. No. 53) ("Stamm Affidavit"), with attached Exhibit A (Doc. No. 53-1) ("Stamm Exh.").[2]

On September 30, 2011, Plaintiff filed Plaintiff's Memorandum of Law in Opposition to Defendants' Motion for an Order Directing Plaintiff to Submit to a Physical

---

[2] The same Stamm Affidavit, filed on September 19, 2011 without the attached exhibit (Doc. No. 52), was re-filed on September 20, 2011 with the exhibit attached.  For further unexplained reasons, another affidavit, essentially identical to the Stamm Affidavit except for the font, and with the attached exhibit, was also filed on September 22, 2011 (Doc. No. 54).

Examination and Extending Defendants' Time to Provide the Report of Expert Witness James F. Twist, M.D. (Doc. No. 55) ("Plaintiff's Response - Compel"), with attached exhibits A through G ("Plaintiff's Compel Exh(s). __").  On October 13, 2011, Defendants filed the Reply Memorandum in Further Support of Defendants' Motion for an Order Directing Plaintiff to Submit to a Physical Examination and Extending Defendants' Time to Provide the Report of Expert Witness James F. Twist, M.D. (Doc. No. 56) ("Defendants' Reply - Compel").

By letter to the undersigned filed November 4, 2011 (Doc. No. 57) ("November 4, 2011 letter"), Defendants' counsel, Mr. Stecker, advised that Plaintiff, in papers filed regarding another motion not presently before the undersigned,[3] has withdrawn her claims for anticipatory repudiation, bad-faith claim denial, punitive damages, and attorneys' fees, such that the only claim for relief asserted in the Complaint against both Defendants is Plaintiff's Second Claim for breach of contract which remains pending against both Defendants.  Plaintiff's withdrawal of her claims for anticipatory repudiation, bad-faith claim denial, punitive damages, and attorney's fees was ordered by text order entered November 9, 2011 (Doc. No. 59).

Oral argument was deemed unnecessary.

Based on the following, Defendants' motion for partial judgment on the pleadings should be converted to a motion for partial summary judgment and should be GRANTED; Plaintiff's motion for leave to file an amended complaint is DENIED; and

---

[3] *See* Supplemental Affidavit of Gregory Stamm, Esq., Regarding Plaintiff's Motion to Compel Discovery, filed July 13, 2011 (Doc. No. 38) ¶ 10 ("please be advised that the Plaintiff hereby withdraws her claims for anticipatory repudiation, bad faith claim denial, punitive damages and attorney's fees without prejudice.").

Defendants' motion to compel is GRANTED.


## **DISCUSSION**

### 1.   **Judgment on the Pleadings**

Although Defendants move for partial judgment on the pleadings dismissing the First, Third, and Fourth Claims as against both Defendants, and the Complaint in its entirety as against Unum, as stated, *supra*, at 5, Plaintiff's withdrawal of her anticipatory repudiation, bad-faith claim denial, punitive damages, and attorneys' fees claims leaves only the Second Claim for breach of contract pending against Unum subject to Defendants' motion for judgment on the pleadings.  The court's discussion of Defendants' Motion for Judgment is thus limited to Plaintiff's Second claim alleging breach of contract against Unum.

Defendant seeks judgment on the pleadings on the Second Claim against Unum on the basis that Unum is not a proper party to this action given that neither Unum's status as Provident's parent company nor Plaintiff's allegation that Unum "controls" Provident provides a basis on which Plaintiff, should she establish entitlement to benefits under the insurance policy, could recover against Unum.  Defendants' Memorandum - Judgment, at 10-11 (quoting Complaint ¶ 10).  In opposition, Plaintiff argues that the breach of contract claim should not dismissed as against Unum not only because Unum is Provident's parent company, but Unum's "name and 'fingerprints' are all over every aspect of Plaintiff's claims file."  Plaintiff's Response - Judgment at 14. Plaintiff further asserts that dismissal of the claim as against Unum before discovery is complete would be premature.  *Id*.  In further support of their motion, Defendants assert

that Plaintiff has failed to identify the basis for her claim that any Unum personnel were involved in the decision denying Plaintiff's disability insurance claim so at to permit the claim to continue as against Unum.  Defendants' Reply - Judgment at 8-9.  Defendants further maintain that absent any legal basis for Plaintiff's breach of contract claim against Unum, discovery on the issue is unnecessary.  *Id*. at 9.

The same analysis applicable to a Fed.R.Civ.P. 12(b)(6) motion to dismiss applies to a Fed. R. Civ. P. 12(c) motion for judgment on the pleadings.  *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994).  In particular, "'[o]n a motion to dismiss or for judgment on the pleadings, [the court] must accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor.'"  *LaFaro v. New York Cardiothoracic Group, PLLC*, 570 F.3d 471, 475 (2d Cir. 2009) (quoting *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003) (bracketed material added and additional quotation omitted).  On a motion to dismiss under Rule 12(b), the court looks to the four corners of the complaint and is required to accept the plaintiff's allegations as true and to construe those allegations in the light most favorable to the plaintiff.  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir. 2008) (court is required to liberally construe the complaint, accept as true all factual allegations in the complaint, and draw all reasonable inferences in the plaintiff's favor).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, __; 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Generally, a motion for judgment on the pleadings must be based upon the

7

pleadings, and not on additional evidence submitted by any party.  *See Sira v. Morton*, 380 F.3d 57, 66-67 (2d Cir. 2004) (observing that where moving party submits material outside the pleadings in support of motion for judgment on the pleadings, the motion should be converted to a motion for summary judgment).  "A complaint is deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are 'integral' to the complaint."  *Sira*, 380 F.3d at 67 (citing cases and Fed.R.Civ.P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.")).  Where, however, a movant relies on papers outside the pleadings which have not been incorporated by reference, the motion must be converted to one for summary judgment.  *Hernandez v. Coffey*, 582 F.3d 303, 307 (2d Cir. 2009) ("a district court acts property in converting a motion for judgment on the pleadings into a motion for summary judgment when the motion presents matters outside the pleadings. . . .").

Nevertheless, "formal notice is not required where a party 'should reasonably have recognized the possibility that the motion might be converted into one for summary judgment [and] was [neither] taken by surprise [nor] deprived of a reasonable opportunity to meet facts outside the pleadings.'"  *Id*. (quoting *Villante v. Dep't of Corrections of City of New York*, 786 F.2d 516, 521 (2d Cir. 1986) (bracketed material in original)).  *See Reliance Insurance Company v. Polyvision Corporation*, 474 F.3d 54, 57 (2d Cir. 2007) (holding in action seeking reimbursement for surety payments made on certain performance bonds district court could consider allegations and exhibits outside the pleadings in resolving motion to dismiss for failure to state a claim without giving explicit notice it was converting motion to summary judgment where nonmoving

8

party knew court was considering additional factual submissions, responded with its

own evidentiary submissions, and did not object to the procedure).

In the instant case, although Defendant moves to dismiss under Rule 12(c) for

judgment on the pleadings, Plaintiff has submitted for the court's consideration exhibits

neither attached to, incorporated by reference into, nor integral to the Complaint.  *See*,

*e.g.*, Plaintiff's Exh. E (December 28, 2009 letter from ophthalmologist Frank W. Read,

M.D. ("Dr. Read") to "UNUM Group" regarding an independent medical examination of

Plaintiff).  Because such exhibits are outside the pleadings, Rule 12(d) requires the

court convert the Rule 12(c) motion to a motion seeking summary judgment.

Fed.R.Civ.P. 12(d); *Hernandez*, 582 F.3d at 307.  Moreover, because no party is

proceeding *pro se* but, rather, all parties are represented by legal counsel, the court

considers the fact that Plaintiff submitted exhibits to support her opposition to

Defendant's Motion for Judgment as giving notice of the possibility the motion would be

converted to one seeking summary judgment with regard to the breach of contract claim

against Unum.  *Reliance Insurance Co.*, 474 F.3d at 57.  As such, no further notice is

required and Defendant's motion is converted to a motion for partial summary

judgment.

Summary judgment of a claim or defense will be granted when a moving party

demonstrates that there are no genuine issues as to any material fact and that a

moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) and (b);

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477

U.S. 242, 250-51 (1986); *Rattner v. Netburn*, 930 F.2d 204, 209 (2d Cir. 1991).  The

party moving for summary judgment bears the burden of establishing the nonexistence

of any genuine issue of material fact, and if there is any evidence in the record based

upon any source from which a reasonable inference in the non-moving party's favor

may be drawn, a moving party cannot obtain a summary judgment. *Celotex* at 322.

Once a party moving for summary judgment has made a properly supported showing of

the absence of any genuine issue as to all material facts, the nonmoving party must, to

defeat summary judgment, come forward with evidence that would be sufficient to

support a jury verdict in its favor.  *Goenaga v. March of Dimes Birth Defects

Foundation*, 51 F.3d 14, 18 (2d Cir. 1995).

Plaintiff, by asserting her breach of contract claim against Unum as the parent

company of Provident, essentially seeks to pierce Provident's corporate veil in order to

hold Unum liable for Provident's alleged breach of the insurance policy.  Because this

action is before the court pursuant to the diverse citizenship of the parties, the choice of

law rules of New York, the forum state, apply to determine which state's laws govern

alter ego or piercing the corporate veil analysis.  *American Fuel Corp. v. Utah Energy

Development Co., Inc.*, 122 F.3d 130, 134 (2d Cir. 1997) (*citing Wm. Passalacqua

Builders, Inc. v. Resnick Developers S., Inc.*, 933 F.2d 131, 137 (2d Cir. 1991)).  Under

New York's choice of law rules, the law of the state in which a corporation is

incorporated governs attempts to pierce the corporate veil.  *Fletcher v. Atex, Inc.*, 68

F.3d 1451, 1456 (2d Cir. 1995).  Provident is a Tennessee corporation and, thus,

Tennessee law determines whether Provident's corporate veil can be pierced.[4]

---

[4] The court notes that on its most recent Form 10-K, filed on February 25, 2011, of which judicial notice is taken, *see Newman v. Warnaco Group, Inc.*, 325 F.3d 187, 195 (2d Cir. 2003) (taking judicial notice of corporation's 10-K form), Unum listed Provident as its subsidiary and reported Provident's state of incorporation as "Tennessee." Unum Group 10-K, Exh. 21, Subsidiaries of the Registrant, available at: http://phx.corporate-ir.net/External.File?item=UGFyZW50SUQ9ODY2OTF8Q2hpbGRGRJRD0tMXxUeXBlPT

When a subsidiary corporation allegedly is used as a mere instrumentality of a parent corporation, the subsidiary's corporate veil may be pierced if three elements are present, including

> (1) The parent corporation, at the time of the transaction complained of, exercises complete dominion over its subsidiary, not only of finances, but of policy and business practice in respect to the transaction under attack, so that the corporate entity, as to that transaction, had no separate mind, will or existence on its own.
> (2) Such control must have been used to commit fraud or wrong, to perpetuate the violation of a statutory or other positive legal duty, or a dishonest and unjust act in contravention of third parties' rights.
> (3) The aforesaid control and breach of duty must proximately cause the injury or unjust loss complained of.

*Continental Bankers Life Insurance Company of the South v. Bank of Alamo*, 578 S.W.2d 625, 632 (Tenn. 1979).

Tennessee's highest court has recognized that "Tennessee's courts have consistently used the [11] factors identified in *FDIC v. Allen*, 584 F.Supp. 386, 387 (E.D.Tenn. 1984) to determine whether a corporation's separate legal identity should be ignored." *CAO Holdings, Inc. v. Trost*, 333 S.W.3d 73, 88 (Tenn. 2010). Regardless of which of the so-called "*Allen* factors" are present, "Tennessee law still requires an element of fraud in order to pierce a corporate veil." *Southeast Texas Inns, Inc. v. Prime Hospitality Corporation*, 462 F.3d 666, 673 (6th Cir. 2006) (internal quotation marks and citation omitted). Moreover, the alleged fraud for which the corporate veil is sought to be pierced "must be more than the breach of a contract . . . ." *Id.* at 679.

Significantly, in the instant case, Plaintiff seeks to recover from Unum only in connection with her breach of contract claim which, under Tennessee law, is insufficient

---

M=&t=1

to support piercing Provident's corporate veil in order to hold Unum liable on such

claim. *Southeast Texas Inns, Inc.*, 462 F.3d at 673.  As such, summary judgment

should be GRANTED in favor of Defendants with the Complaint DISMISSED as against

Unum.


**2.     Leave to Amend**

Plaintiff seeks to leave to file an amended complaint asserting two additional

claims for relief including violations of Mass. Gen. Law Ch. 93A ("ch. 93A") (unfair

methods of competition and unfair or deceptive acts or practices in the conduct of trade

or commerce), and Mass. Gen. Law Ch. 176D ("ch. 176D") (unfair or deceptive act or

practice in the business of insurance).  Plaintiff's Memorandum at 3-4.  In opposition,

Defendants argue the request should be denied because (1) Plaintiff has failed to

submit a copy of the proposed amended complaint as required, Defendants' Response

at 2; (2) Plaintiff has failed to establish "good cause" for failing to move within the time

permitted for seeking leave to amend, *id.* at 3; (3) the motion is futile insofar as ch.

176D does not provide for a private cause of action, *id.* at 4; (4) Plaintiff has failed to

serve, as required pursuant to ch. 93A § 9(3), a written demand on Defendants, *id.* at 4-

5; and (5) Massachusetts law does not apply to this case, *id.* at 5-7.  In further support

of her motion, Plaintiff maintains that on September 9, 2011, she served the requisite

demand pursuant to ch. 93A § 9(3), which also requires that an allegedly injured party

to wait 30 days after serving the requisite notice before initiating an action, and that

Plaintiff is requesting permission to file the amended Complaint after said 30-day period

has elapsed.  Stamm Affidavit ¶¶ 4-6.  Plaintiff further asserts that Massachusetts law

does apply to this action because Plaintiff's claim was evaluated and processed by Defendants' employees located in Massachusetts. *Id*. ¶¶ 7-8.

Fed.R.Civ.P. 15 provides that leave to amend a pleading "shall be freely granted when justice so requires."  An amended complaint may be filed pursuant to Fed.R.Civ.P. 15(a) where the new allegations do not unduly prejudice an opponent, are not the result of undue delay or bad faith, and are not futile. *Foman v. Davis*, 371 U.S. 178, 181 (1962).  Absent a showing that significant additional discovery burdens will be incurred or that the trial of the matter will be significantly delayed, amendment should be permitted. *Block v. First Blood Associates,* 988 F. 2d 344, 350 (2d Cir. 1993).

Although Plaintiff's "failure to submit a proposed amended complaint constitutes sufficient grounds to deny a motion to amend," *Murray v. New York*, 604 F.Supp.2d 581, 588 (W.D.N.Y. 2009), where "the movant's papers adequately explain the basis for, and nature of, the proposed amendment, [ ], the failure to attach a proposed amended complaint to the motion is not necessarily fatal." *Murray*, 604 F.Supp.2d at 588.  Here, the papers filed in support of Plaintiff's Motion adequately explain the two claims Plaintiff seeks to add and, as such, Plaintiff's failure to submit a copy of the proposed amended complaint, while not condoned, does not warrant denying the motion.  Plaintiff's Motion is, however, denied both because Plaintiff has failed to demonstrate any good cause for amending the scheduling order to accommodate the belated motion to amend the complaint, and the new claims Plaintiff seeks to add are futile.

In particular, the October 12, 2010 Scheduling Order (Doc. No. 13) ("October 12, 2010 Scheduling Order"), established January 13, 2011, as the deadline for moving to

amend the pleadings, and that deadline was not extended by the First Amended

Scheduling Order, filed March 24, 2011 (Doc. No. 21).  Although a motion to amend a

complaint brought pursuant to Fed.R.Civ.P.15(a) provides that leave to file an amended

complaint "shall be freely given," this "lenient" standard "must be balanced against the

requirement under Rule 16(b) that the Court's scheduling order 'shall not be modified

except upon a showing of good cause.'"  *Grochowski v. Phoenix Construction*, 318 F.3d

80, 86 (2d Cir. 2003) (quoting Fed. R. Civ. P. 15(a) and 16(b)).  S*ee Carnrite v.

Granada Hospital Group, Inc.*, 175 F.R.D. 439, 447 (W.D.N.Y. 1997) (a Rule 16(b)

scheduling order "shall not be modified except upon a showing of good cause").   As

such, once the October 12, 2010 Scheduling Order was issued, the deadlines set in

such order could not be amended absent good cause to amend.

Here, Plaintiff fails to allege any "good cause" for amending the October 12,

2010 Scheduling Order to permit filing an amended complaint and, given that "[a]

finding of good cause depends on the diligence of the moving party," the motion can be

denied on that basis alone.  *Grochowski*, 318 F.3d at 86 (citing *Parker v. Columbia

Pictures Industries*, 204 F.3d 326, 340-41 (2d Cir. 2000) (refusing to find good cause for

late notice to amend where pleadings established plaintiff was in possession of the

information necessary to assert new claim prior to expiration of scheduling order's

deadline for motions to amend)).  Moreover, here, Plaintiff's motion is also denied

because the two claims Plaintiff seeks to assert are futile.

Where a requested pleading amendment is futile, "it is not an abuse of discretion

to deny leave to amend" to the moving party.  *Ruffolo v. Oppenheimer & Co.*, 987 F.2d

129, 131 (2d Cir.1993).  A determination that a proposed claim is futile is made under

the same standards that govern a motion to dismiss under Rule 12(b)(6). *A.V. By Versace, Inc. v. Gianni Versace, S.p.A.*, 160 F.Supp.2d 657, 666 (S.D.N.Y.2001). An amendment is futile "if the proposed amended complaint would be subject to 'immediate dismissal' for failure to state a claim or on some other ground." *Jones v. New York Div. of Military & Naval Affairs*, 166 F.3d 45, 55 (2d Cir.1999).

Specifically, Plaintiff's failure to allege that she sent a 30-day demand letter to Defendants prior to commencing this action as required, ch. 93A § 9(3), is fatal to her purported ch. 93A claim. *Cimon v. Gaffney*, 401 F.3d 1, 6-7 (1st Cir. 2005) (holding plaintiff's ch. 93A claim barred where record established plaintiff sent pre-suit demand notice to only one of two defendants, and citing *Entrialgo v. Twin City Dodge*, 333 N.E.2d 202, 203 (Mass. 1975) ("A demand letter listing the specific deceptive practices claimed is a prerequisite to suit and as a special element must be alleged and proved.")); *McMahon v. Digital Equipment Corporation, Core, Inc.*, 944 F.Supp. 70, 77 (D.Mass. 1996) (holding plaintiff's failure to allege sending a 30-day demand letter to defendant, a prerequisite under ch. 93A, was a procedural error fatal to the claim, and citing *Entrialgo*, 333 N.E.2d at 203). That the sending of the demand letter is a prerequisite to the filing of the action is consistent with ch. 93A's provision that a claim may be asserted under ch. 93A § 9 only "by way of *original* complaint, counterclaim, cross-claim, or third-party action . . . ." Mass. Gen. Law ch. 93A § 9(3A) (italics added).[5] Accordingly, Plaintiff's assertion, Stamm Affidavit ¶¶ 4-6, that she was waiting

---

[5] The court notes that the demand letter requirement is not jurisdictional such that the statutory prerequisite to suit would have been waived had Defendants failed to raise Plaintiff's noncompliance in opposing Plaintiff's Motion. *See York v. Sullivan*, 338 N.E.2d 341, 346 (Mass. 1975) ("the thirty-day requirement, as part of the requirement of a written demand for relief, is a prerequisite to suit, to be alleged and proved . . . . [b]ut it is not jurisdictional in the sense that a party cannot waive it, and we do not

until obtaining leave to file the amended complaint to assert compliance with ch. 93A's demand letter requirement is without merit.  Plaintiff's Motion, insofar as she seeks to assert a claim pursuant to ch. 93A, is DENIED.

Insofar as Plaintiff seeks leave to file an amended complaint asserting a claim pursuant to ch. 176D, it is settled that ch. 176D "provides no private cause of action and is enforceable only by the commissioner of insurance."  *Thorpe v. Mutual of Omaha Insurance Company*, 984 F.2d 541, 544 n. 1 (1st Cir. 1993) (citing *Dodd v. Commercial Union Insurance Company*, 365 N.E.2d 802 (Mass. 1977)).  Accordingly, Plaintiff's Motion is DENIED as to the request to amend the complaint to assert a claim pursuant to ch. 176D.

Finally, although Defendants argue that Plaintiff should not be allowed to amend the complaint to assert the ch. 93A claim because New York, rather than Massachusetts law applies to this case, Defendants' Response at 5-7, ch. 93A, by its terms, provides for an action to be brought only in a Massachusetts court, Mass. Gen. Law 93A § 9(1), thus rendering this court without jurisdiction over such claim.  This argument thus in not further addressed.

Plaintiff's Motion seeking leave to file an amended complaint is DENIED.


3.     **Motion to Compel**

Defendants move pursuant to Fed.R.Civ.P. 35(a) ("Rule 35(a)") for an order compelling Plaintiff to submit to an ophthalmologic examination by James F.  Twist,

---

think it is open to the judge to raise the point on his own motion after trial and long after the thirty days have expired.").

M.D. ("Dr. Twist"), whom Defendants have retained as their expert witness in connection with this action, and also seek an extension of time to provide their expert witness report 30 days following the requested examination.  Defendants' Memorandum - Compel at 1-2.  According to Defendants, because Plaintiff has refused Defendant's prior requests that Plaintiff submit to an ophthalmologic examination by Dr. Twist, such examination has been delayed and Defendants are not able to comply with the March 24, 2001 Scheduling Order establishing October 28, 2011 as the deadline for providing expert witness reports.  *Id*. at 7.  Plaintiff opposes the motion on the basis that Defendants have failed to establish good cause for the requested court-ordered ophthalmologic examination.  Plaintiff's Response - Compel, at 3-5.  Plaintiff further maintains that the requested examination is unnecessary because Defendants' decision to deny Plaintiff's disability insurance benefits claim was made prior to the commencement of the instant action and that by failing to independently examine Plaintiff in connection with her insurance claim, Defendants have waived the right to now seek an independent medical examination.  *Id*.  at 5-9.  In further support of the motion, Defendants assert that Plaintiff has failed to cite any legal authority supporting her arguments in opposition to the requested ophthalmologic  examination and that Plaintiff's attempt to limit the evidence at trial to the documents and information submitted in connection with her disability insurance claim is without legal basis. Defendants' Reply - Compel at 1-3.

As relevant here, Rule 35(a) provides that the court may, for good cause shown, order a party whose mental or physical condition is in controversy to "submit to a physical or mental examination by a suitably licensed or certified examiner."

Fed.R.Civ.P. 35(a)(2)(A).  Whether to order an examination under Rule 35(a) is within

the district court's sound discretion.  *O'Quinn v. New York University Medical Center*,

163 F.R.D. 226, 228 (S.D.N.Y. 1995).

Plaintiff does not argue that in bringing this action, she has placed the physical

health of her eyesight in controversy, the first requirement for a court-ordered physical

examination.  Fed.R.Civ.P. 35(a)(1).  Nor does Plaintiff deny that Defendants have

complied with Rule 35(a)(2)(B)'s requirement that a motion seeking a court order

directing a physical examination of a plaintiff "must specify the time, place, manner,

conditions, and scope of the examination, as well as the person or persons who will

perform it."  A plain reading of Defendants motion papers establishes Defendants have

specified the requested examination will be performed by Dr. Twist who, as a Fellow of

the American College of Surgeons, a Fellow of the American Academy of

Ophthalmology, and a past president of the Buffalo Ophthalmologic Society, is a

suitably licensed examiner to perform the requested examination, that the examination

"will consist of a standard ophthalmologic examination" as well as several other tests

designed to test the extent of Plaintiff's dry eye syndrome and tear production ability,

and that the test would be performed on a Monday at 7:30 A.M. at Dr. Twist's office

located on Sheridan Drive in Tonawanda, New York.  Accordingly, the logistical

requirements set forth under Rule 35(a)(2)(B) are met.

Rather, Plaintiff's opposition to the motion is limited to the novel argument that

Defendants, by failing to seek an independent medical examination in connection with

Plaintiff's disability benefits claim submitted to Provident on August 20, 2009, has

waived the right to seek such an examination in connection with the instant litigation.

18

Plaintiff, however, references no case law supporting this assertion, and the court's research has failed to reveal any.  Plaintiff does not contend the merits of Plaintiff's claim will be limited to the administrative record regarding Plaintiff's claim as evaluated by Defendant.

Moreover, Defendants have established good cause for the requested examination, mainly that Plaintiff, by alleging that her eye impairment has rendered Plaintiff totally disabled under the terms of the insurance policy, has put her eyesight in controversy.  Furthermore, although the record contains numerous exhibits pertaining to medical examinations performed on Plaintiff by her own physicians, nothing establishes that any physician selected by Defendants has ever examined Plaintiff.  Without an opportunity to perform an independent medical examination of Plaintiff's eyesight, Defendants will be unduly prejudiced in this action.

Given that Plaintiff has, in bringing this action, placed her eyesight in controversy, that Defendants have established good cause for seeking an independent medical examination of Plaintiff by Dr. Twist, at a reasonable time and location as specified in Defendants' motion papers, the court, in its discretion, GRANTS Defendant's Motion to Compel, as well as the request to extend the deadline for providing Plaintiff with a copy of their expert opinion report to **30 days following completion of Dr. Twist's examination.**

## CONCLUSION

Based on the following, Defendants' motion for judgment on the pleadings (Doc.

No. 16), converted to a motion for partial summary judgment, should be GRANTED with

the Complaint DISMISSED as against Unum; Plaintiff's motion for leave to amend (Doc.

No.  43), is DENIED; Defendants' motion to compel Plaintiff to submit to a physical

examination (Doc. No. 44), is GRANTED; Defendants shall provide Plaintiff with a copy

of their expert opinion report to **30 days following completion of Dr. Twist's**

**examination**.

SO ORDERED, as to
Plaintiff's motion to amend, and
Defendants' motion to compel.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE


Respectfully submitted, as to Defendants'
motion for judgment on the pleadings,

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE


DATED:        December 1, 2011
             Buffalo, New York

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(d) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.</u>** *Thomas v. Arn,* 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited,* 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for the Plaintiff and the Defendants.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:      December 1, 2011
                 Buffalo, New York